IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAI BROWN,

    Plaintiff,
v.                                                      CASE NO. 5:17-cv-37-MCR-GRJ

M. JORDAN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Apalachee CI, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper by separate order.  Plaintiff is proceeding pursuant to a Second Amended Complaint, ECF No. 10 ("Complaint").  For the following reasons, the undersigned recommends that the Complaint be dismissed for failure to state a claim upon which relief may be granted.

The sole Defendant named in the Complaint is M. Jordan, a librarian at Apalachee CI.  Plaintiff alleges that on February 1, 2017, he was doing legal work in the library when another librarian, Ms. Hogan, approached the inmates to match their names with an attendance log.  Plaintiff was not on the call-out list for the library.  Plaintiff told Hogan and Defendant Jordan that he was given a library pass by his dorm officer, S. Bryant.  Plaintiff

accused Hogan and Jordan of violating his constitutional rights "which hindered several civil suits." Plaintiff alleges that after picking up his legal work, he waited until it was clear to move back to his correct dorm. Plaintiff seeks damages in the amount of $2000.00 for the alleged constitutional injury. ECF No. 10 at 5-6.

This same incident is the subject of a separate lawsuit filed by Plaintiff against Ms. Hogan. *See Brown v. Hogan*, Case No. 5:17-cv-36-MCR-EMT (N.D. Fla.). The factual allegations in both cases are identical. Because the cases arise from the same incident, they should have been filed in one case and the instant case is duplicative. The Court does not recommend that this case be consolidated with Plaintiff's other pending civil case because it is clear that this case fails to state a claim upon which relief may be granted.

Plaintiff does not allege that he suffered any physical injury as a result of Defendant's alleged actions. The PLRA provides that a prisoner may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997(e); *Smith v. Allen* 502 F.3d 1255, 1271 (11th Cir. 2007) (citing *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002)). Because Plaintiff

has alleged no physical injury in connection with his claims, he is barred by the PLRA from seeking compensatory damages. *See id.*

The PLRA does not preclude the recovery of nominal damages – typically $1.00 – if a Plaintiff establishes a violation of a fundamental constitutional right. *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007). The Court must consider whether a *pro se* complaint should be liberally construed to request nominal damages, especially where the Plaintiff is also seeking injunctive relief. In this case, Plaintiff is not seeking any injunctive relief; his sole claim is for monetary damages. Plaintiff is barred from seeking the $2000.00 in damages he requests, and there is no basis for construing the Complaint as seeking only nominal damages.

As to the merits of the Complaint, a federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for

relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

In the context of a denial of access to court claim, the Eleventh Circuit has explained that:

> The [constitution] gives prisoners a right of access to the courts. *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir.1998). Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools ... need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *see also Wilson*, 163 F.3d at 1290. "The limited types of legal claims protected by the access-to-courts right [are] non-frivolous appeals from a conviction, habeas petitions, or civil rights suits." *Al- Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008).

*Page 5 of 6*

> A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must have suffered an "actual injury." *Al-Amin*, 511 F.3d at 1332. In order to show actual injury, a Plaintiff must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id*. (internal quotes and citations omitted). We have noted that missing filing deadlines is an example of an actual injury. *Wilson*, 163 F.3d at 1290 n. 10.

*Hall v. Sec'y for the Dep't of Corr.*, 304 Fed. Appx. 848, 849-50 (11th Cir.2008) (unpublished).[1]

In this case, even liberally construed the Complaint alleges no facts at all suggesting that Plaintiff suffered any actual injury due to being confronted in the law library on the one occasion described in the Complaint. His conclusory claim that several civil suits were "hindered" falls far short of establishing any *actual* injury, such as the dismissal of a case or missing a filing deadline, because of the Defendant's actions. Plaintiff's failure to allege any facts showing an actual injury is fatal to his Complaint.

It is therefore respectfully **RECOMMENDED** that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

claim upon which relief may be granted.

**IN CHAMBERS**, at Gainesville, Florida, this 26th day of June 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.